NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3455

TRACY D. SMITH,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

———————————————

DECIDED:  March 11, 2005

———————————————

Before MICHEL, <u>Chief Judge</u>, RADER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Tracy Smith petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of the Treasury ("agency") removing her from her position as a Secretary, GS-5, with the agency's Wage and Investment Division in Augusta, Georgia.  <u>Smith v. Dep't of the Treasury</u>, No. AT-0752-04-0042-I-1 (M.S.P.B. Aug. 17, 2004) ("<u>Final Decision</u>").  We <u>affirm</u>.

DISCUSSION

I.

The agency removed Ms. Smith from her position based upon the charge of failing to follow the instructions of her supervisor. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision sustaining the removal. Smith v. Dep't of the Treasury, No. AT-0752-04-0042-I-1 (M.S.P.B. Jan. 31, 2004) ("Initial Decision"). The Initial Decision became the final decision of the Board on August 17, 2004, after the Board denied Ms. Smith's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). See Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Ms. Smith's first argument on appeal is that the Board erred in rejecting certain supplemental filings she made in connection with her petition for review following the Initial Decision. Ms. Smith filed her petition for review on March 1, 2004, and then submitted supplemental filings on March 25, April 2, May 24, May 28, June 22, and July 13, 2004. According to Ms. Smith, these supplemental filings related to "the violation of

laws to prove prohibited practices, harmful error and an unlawful decision," the latter two references presumably being to the Initial Decision. The Board declined to consider the supplemental filings on the ground that Ms. Smith had failed to show that they were based on information that was not readily available before the record closed on March 26, 2004, as required by 5 C.F.R. § 1201.114(i). We see no error in the Board's ruling. On appeal, Ms. Smith has failed to make any effort to show how the evidence that was the subject of the supplemental filings was not available before the record closed.

Ms. Smith's second argument before us is based upon 5 U.S.C. § 1214. That statute states, inter alia, that "[t]he Special Counsel shall receive any allegation of a prohibited personnel practice and shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." Id. § 1214(a)(1)(A). Ms. Smith appears to argue that the Office of Special Counsel should have investigated her allegation of a prohibited personnel practice, which was that her removal was in retaliation for her having filed a grievance against her supervisor. Subsection (a)(3) of section 1214, however, requires that a person in Ms. Smith's position "seek corrective action from the Special Counsel before seeking corrective action from the Board." Id. § 1214(a)(3). Ms. Smith failed to do that, which would deprive the Board of jurisdiction over the matter as an individual right of action ("IRA") appeal. See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (explaining that in order for the Board to have jurisdiction over an IRA appeal, the appellant must have exhausted his or her administrative remedies before the Office of Special Counsel). In any event, in the Initial Decision, the AJ addressed, and rejected,

04-3455                                                    3

Ms. Smith's contention (by way of an affirmative defense) that her removal was in retaliation for the filing of her grievance.  On appeal, Ms. Smith has failed to establish error in that determination.

For the foregoing reasons, the final decision of the Board sustaining Ms. Smith's removal is affirmed.

04-3455                                        4